UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND ET AL., <br><br> Petitioners, <br><br> -against- <br><br> ASSOCIATED ENVIRONMENTAL SERVICES LTD., <br><br> Respondent. | 22-cv-08909 (ALC) <br><br> **OPINION & ORDER** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/16/2023

**ANDREW L. CARTER, United States District Judge:**

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City District Council of Carpenters Relief and Charity Fund, Carpenter Contractor Alliance of Metropolitan New York, and New York City District Council of Carpenters, ("Petitioners") petitioned to confirm an arbitration award rendered pursuant to a collective bargaining agreement against Respondent Associated Environmental Services LTD. ("Respondent"). Petitioners also seek attorneys' fees and costs in connection with this action and post-judgment interest. Petitioners seek confirmation under the Labor Management Relations Act, not the Federal Arbitration Act. Respondent did not answer the Petition, or otherwise move with respect to the Petition. For the reasons set forth below, the Petition is **GRANTED.**

## BACKGROUND

### I. Factual Background

The following uncontested facts are taken from the Petition and its exhibits, including the Award. Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds") are multiemployer labor-management trustees of multiemployer labor management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"). Pet. ¶ 4. Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code. *Id*. ¶ 5. Petitioner Carpenter Contractor Alliance of Metropolitan New York f/k/a the New York City and Vicinity Carpenters Labor-Management Corporation is a New York not-for-profit corporation. *Id*. ¶ 6. Together with the ERISA Funds and the Charity Fund, they are the "Funds." Petitioner the New York City District Council of Carpenters (the "Union") is a labor organization that represents employees in an industry affecting commerce within the meaning of Section 501 of the Labor Management Relations Act ("LMRA") and is the certified bargaining representative for certain employees of the Respondent. *Id*. ¶ 7. The Union maintains its principal place of business at 395 Hudson Street, New York, New York 10014. *Id*.

Respondent is a domestic corporation under the laws of the state of New York and maintains a principal place of business at 25 Central Avenue, Hauppauge, New York 11788. *Id*. ¶ 8. Respondent is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. *Id*.

The dispute stems from a collective bargaining agreement (the "CBA") covering the period July 1, 2013 through October 17, 2018 signed between the Union and the Respondent in 2015. *See* Signature Page, Ex. A to Pet., ECF No. 1-1; CBA, Ex. B to Pet., ECF No. 1-2. The CBA provides that "[t]he duration of this Agreement shall continue until October 16, 2018 [and] shall be renewed automatically for one year intervals thereafter" unless certain terms regarding provision of notice to terminate or modify the agreement are met. *See* CBA, Article XII ¶ 1. Neither the Union nor the Respondent ever provided such notice to the other and therefore Petitioners allege that all relevant times since November 6, 2015, Respondent has been bound to the CBA. Pet. ¶¶ 12-13.

Under the CBA and the Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"), Respondent was required to remit contributions to the Funds and submit itself to audits by the Funds to determine whether Respondent remitted the necessary contributions to the Funds. Pet. ¶¶ 14, 16, 17, 18; *see also* CBA, Art. VIII (A); Collection Policy, Ex. G to Pet., Sec. IV (1), ECF No. 1-6. Pursuant to the Collection Policy, Petitioners conducted an audit of Respondent for the period of October 6, 2016 through December 31, 2018 ("2016-2018 Audit"), which revealed that Respondent failed to remit all required contributions to the Funds in the principal amount of $20,849.99. Pet. ¶¶ 21, 22. Petitioners also conducted an audit of Respondent for the period of January 1, 2019 through September 30, 2021 ("2019-2021 Audit," and together with the 2016-2018 Audit as the "Audits"), which revealed that Respondent had failed to remit contributions in the principal amount of $16,416.35. *Id*. ¶¶ 23, 24.

Respondent refused to pay the findings contained in the Audits, and Petitioners initiated arbitration before arbitrator Steven Kasarda (the "Arbitrator"). *Id*. ¶¶ 25, 26. The Petitioners served a notice of arbitration hearing on May 18, 2022. *See* Notice of Hearing, Ex. H to Pet., ECF No. 1-8. The arbitration hearing was held on June 16, 2022. *Id*. The Arbitrator rendered his award (the

"Award") on June 30, 2022. Award, Ex. I to Pet., ECF No. 1-9. Neither Respondent nor any representative of Respondent appeared at the hearing. *Id*. at 2.

The Arbitrator found that Respondent violated the CBA when it failed to submit required contributions to the Funds, and ordered Respondent to pay the Funds the aggregate sum of $83,904.85, which consists of a (1) total principal delinquency of $37,266.34, (2) interest of $8,495.59, (3) liquidated damages of $11,020.01, (4) audit costs of $21,323, (5) attorneys' fees of $3,000, (6) arbitrator's fees of $2,000, and (7) court costs of $800.[1] Award at 2-3.

On July 12, 2022, Respondent was served via certified mail with a letter demanding payment and compliance with the Award. *See* Demand Letter, Ex. J to Pet., ECF No. 1-10. To date, Respondent has failed to comply with the terms of the Award. Pet. ¶ 30. Respondent has not commenced an action seeking to vacate or modify the Award. *Id*. ¶ 31.

**II.     Procedural Background**

Petitioner filed a Petition to confirm the Award on October 19, 2022. ECF No. 1. Respondent was served with the summons and Petition on October 21, 2022. *See* Affidavit of Service, ECF No. 8. Respondent's answer was due on November 11, 2022. Respondent did not answer by that date. On December 2, 2022, this Court issued an Order to Show Cause directing Respondent to show cause why the Petition should not be deemed as unopposed. *See* OSHOW, ECF No. 10.  The Court ordered Respondent to file a written response by December 19, 2022. *Id*. The Court's Order was served on Respondent on December 2, 2022. Certificate of Service, ECF No. 11. To date, Respondent has not answered or otherwise appeared in this action. Accordingly, the Court considers the Petition unopposed.

---

[1] According to the Petition, Petitioners are only seeking $400 in "court costs" actually incurred as part of the instant matter as part of the Award. *See* Pet. ¶ 28, n.1.

## STANDARD OF REVIEW

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "The LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)). Judicial review of arbitration awards under the LMRA is "very limited." *Id.* (citation and internal quotation marks omitted).

Accordingly, "unless the award is procured through fraud or dishonesty, a reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies." *Trustees of the N. Y. City Dist. Council of Carpenters Pension Fund v. High Performance Floors Inc.*, No. 15-cv-781, 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (quoting *Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)). The District Court is "not authorized to review the arbitrator's decision on the merits," but instead may "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League*, 820 F.3d at 536. The Court's task is to "simply ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

Confirmation of an arbitration award under section 301 of the LMRA is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court."

*Trustees for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund Training Program Fund v. Briscoe Sunrise Corp.*, No. 16-cv-7680, 2017 WL 1655240, at *4 (S.D.N.Y. May 2, 2017) (citation and internal quotation marks omitted). An arbitral award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Nat'l Football League*, 820 F.3d at 537 (internal quotation marks omitted).

When such a petition is unopposed, a district court should treat the petition to confirm "as an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). "Thus, like unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Trustees for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund Training Program Fund*, 2017 WL 1655240, at *4 (quoting *D.H. Blair*, 462 F.3d at 110).

## DISCUSSION

### I.    Confirmation of Award

First, no genuine issues of material fact exist in this case, as the Petition is uncontested. Second, the Arbitrator acted within the scope of his authority in issuing the Award. *See* Pet. ¶ 19-20. Article VIII, Section I of the CBA provides that if any dispute concerning the payment to the Funds arise, "either party may seek arbitration of the dispute before the impartial arbitrator" and that the "arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages." CBA, Article VIII; *see also* Collection Policy, Ex. G to Pet., Section VI. Here, a dispute arose between the parties as to Respondent's alleged failure to remit contributions to the Funds, thus plainly putting it within the authority of the Arbitrator to decide. The Arbitrator found that the

6

Respondent was bound by the CBA. Additionally, the Arbitrator found that Respondent was delinquent in payment of fringe benefit contributions and was obligated to pay the delinquency assessment in addition to fees and costs. Award at 1. Petitioners have also submitted undisputed evidence, including the CBA and the Award, that the Arbitrator's remedy was appropriate as monetary damages, interest, fees, and costs are specifically identified as forms of relief available under the CBA. *See* CBA, Article VIII; Award at 2. Moreover, Respondent, failing to appear, does not contest the amount of the award, and thus, the amount is undisputed. Nothing in the record suggests that this amount is incorrect. Finally, there is no indication that the Award was procured through fraud or dishonesty. The undisputed evidence thus establishes that the Arbitrator did not exceed the scope of his authority in rendering the Award. Accordingly, the Court **CONFIRMS** the arbitration award.

## II.     Attorneys' Fees and Costs

Petitioners seek attorneys' fees of $577.50 and costs of $77 incurred in bringing this Petition. "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) *see also Trustees of New York City Dist. Council of Carpenters Pension Fund v. A&C Bros. Contracting Inc.*, No. 22 CIV. 6445 (LGS), 2022 WL 7426245, at *3 (S.D.N.Y. Oct. 13, 2022). However, a court may award fees and costs in an LMRA case pursuant to its equitable powers. *See Odeon Cap. Grp. v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017). Moreover, in actions to confirm arbitration awards, it is well established that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d

43, 47 (2d Cir. 1985) (quoting *Bell Production Engineers Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982)).

Here, Respondent was served with the Award and with a demand for compliance, and without justification, has refused to comply. *See* Pet. ¶¶ 27, 29-30. Additionally, pursuant to Article VIII of the CBA, Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter. Pet. ¶ 33.

In support of Petitioners' claim for fees, Petitioners' counsel submitted an invoice detailing the hours billed, tasks performed and hourly billing rate of the associate who performed work on this case. *See* Ex. L to Pet., ECF No. 1-11. Petitioners seek $577.50 in attorneys' fees for 2.1 hours of work, at an hourly rate of $275. *Id*. The Court finds that the time expended on this action and the rates billed by Petitioners' counsel are reasonable and are in line with fee awards in similar cases. *See, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2022 WL 7426245, at *3; *Trustees. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. RSG Constr. Corp.*, 2022 U.S. Dist. LEXIS 160694, *8 (S.D.N.Y Sept. 6, 2022). Petitioners also seek the recovery of $77 in service fees incurred in this action. Pet. ¶ 40. The attorneys' fees and costs sought in this case are reasonable and accordingly Petitioners' request is **GRANTED.**

The Petitioners are also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). "Pursuant to 28 U.S.C. § 1961, '[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.'" *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)); *see also Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2022 WL 7426245, at *3.

## CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Petitioners are entitled to $83,504.85 pursuant to the Award, plus $577.50 in attorneys' fees and $77 in costs. Interest shall accrue from the date judgment is entered until payment is made at the statutory rate prescribed by 28 U.S.C. § 1961. The Clerk of the Court is respectfully directed to enter judgment in favor of Petitioners and close this case.

**SO ORDERED.**

**Dated:** **May 16, 2023**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**